UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **ROBERT STIDHAM,** individually and on behalf of similarly situated persons, | ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:17-cv-105 |
| Plaintiff, | |
| v. | |
| **2JR PIZZA ENTERPRISES, LLC**, | |
| Defendant. | |

## COMPLAINT

Plaintiff Robert Stidham, individually and on behalf of all other similarly situated delivery drivers and non-supervisory employees, for his Complaint against Defendant 2JR Pizza Enterprises, LLC, alleges as follows:

1. Defendant operates approximately 42 Pizza Hut franchise stores in Indiana, Illinois, Iowa and Kentucky. Defendant employs delivery drivers who use their own automobiles to deliver pizza and other food items to its customers. Instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendant uses a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their wages to fall below the federal minimum wage during some or all workweeks.

2. Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* to recover unpaid minimum wages owed to

himself and similarly situated delivery drivers employed by Defendant at its Pizza Hut stores.

**Jurisdiction and Venue**

3. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

4. Venue in this District is proper under 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendant employed Plaintiff in this District, Defendant operates Pizza Hut franchise stores in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

**Parties**

5. Defendant is a Kentucky limited liability company maintaining its principal place of business in Louisville, Kentucky.

6. Plaintiff Robert Stidham was employed by Defendant from approximately February 2014 to July 2014 as a delivery driver at its Pizza Hut store in Scottsburg, Indiana. Plaintiff Stidham's consent to pursue this claim under the FLSA is attached hereto as "Exhibit 1."

## General Allegations

*Defendant's Business*

7. Defendant owns and operates approximately 42 Pizza Hut franchise stores in Indiana, Illinois, Iowa and Kentucky.

8. Defendant's Pizza Hut stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

*Defendant's Flawed Automobile Reimbursement Policy*

9. Defendant requires its delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

10. Defendant's delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendant.

11. Defendant's delivery driver reimbursement policy reimburses drivers on a per-delivery basis, but the per-delivery reimbursement equates to far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendant's delivery drivers.

12. The result of Defendant's delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of its drivers' automobile expenses.

13. During the applicable FLSA limitations period, the IRS business mileage reimbursement rate ranged between $.535 and $.575 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a sedan between $.571 and $.592 per mile between 2014 and 2016 for drivers who drive a sedan approximately 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

14. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendant's delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

15. Defendant's reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendant uniformly fails to reimburse its delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendant's benefit.

16. Defendant's systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendant such that the hourly wages it pays to Plaintiff and Defendant's other delivery drivers are not paid free and clear of all outstanding obligations to Defendant.

17. Defendant fails to reasonably approximate the amount of its drivers' automobile expenses to such an extent that its drivers' net wages are diminished beneath the federal minimum wage requirements.

18. In sum, Defendant's reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

*Defendant's Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

19. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendant's reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

20. Plaintiff Stidham was paid $7.25 per hour during his employment with Defendant, including a tip credit applied to the time he spent delivering pizzas.

21. The federal minimum wage has been $7.25 per hour since July 24, 2009. http://www.dol.gov/whd/minwage/chart.htm.

22. Plaintiff Stidham drove a Dodge Stratus and Toyota Prius while delivering pizzas for Defendant.

23. During Plaintiff Stidham's employment by Defendant, the per-delivery reimbursement rate at the store where he worked was approximately $1.00 per delivery.

24. During his employment with Defendant, Plaintiff Stidham experienced an average round-trip delivery distance of at approximately 6 miles per delivery.

25. Thus, during the applicable limitations period, Defendant's average effective reimbursement rate for Plaintiff Stidham was approximately $.17 per mile ($1.00 per delivery / 6 average miles per delivery).

26. During this same time period, the IRS business mileage reimbursement rate was $.56 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using the 2014 IRS rate as a reasonable approximation of Plaintiff Stidham's automobile expenses, every mile driven on the job decreased his net wages by approximately $.39 ($.56 - $.17) per mile or more. Considering Plaintiff Stidham's estimate of

approximately 6 average miles per delivery, Defendant under-reimbursed him about $2.34 per delivery ($.39 x 6 miles).

27. Defendant did not ask Plaintiff Stidham to track his actual automobile expenses.

28. During his employment by Defendant, Plaintiff Stidham typically averaged approximately 1.5 deliveries per hour.

29. Thus, Plaintiff Stidham consistently "kicked back" to Defendant approximately $3.51 ($2.34 per delivery x 1.5 deliveries per hour), for an effective hourly wage rate of about $3.74 ($7.25 per hour - $3.51 kickback).

30. All of Defendant's delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

31. Because Defendant paid its drivers a gross hourly wage at precisely, or at least very close to, the federal minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendant an amount sufficient to cause minimum wage violations.

32. While the amount of Defendant's actual reimbursements per delivery may vary over time, Defendant is relying on the same flawed policy and methodology with respect to all delivery drivers at all of its other Pizza Hut stores. Thus, although

reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

33. Defendant's low reimbursement rates were a complaint of at least some of Defendant's delivery drivers, yet Defendant continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

34. The net effect of Defendant's flawed reimbursement policy is that it willfully fails to pay the federal minimum wage to its delivery drivers. Defendant thereby enjoys ill-gained profits at the expense of its employees.

**Collective Action Allegations**

35. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

36. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

37. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential class members may be notified of the pendency of this action via mail.

38. Plaintiff and all of Defendant's delivery drivers are similarly situated in that:

a. They have worked as delivery drivers for Defendant delivering pizza and other food items to Defendant's customers;

b. They have delivered pizza and food items using automobiles not owned or maintained by Defendant;

c. Defendant required them to maintain these automobiles in a safe, legally-operable, and insured condition;

d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendant;

e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f. They were subject to the same pay policies and practices of Defendant;

g. They were subject to the same delivery driver reimbursement policy that under-estimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h. They were reimbursed similar set amounts of automobile expenses per delivery;

i. They were paid at or near the federal minimum wage before deducting unreimbursed business expenses; and

j. They have been subjected to the same tip credit.

**Count I: Violation of the Fair Labor Standards Act of 1938**

39. Plaintiff reasserts and re-alleges the allegations set forth above.

40. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

41. Defendant is subject to the FLSA's minimum wage requirements because it is an enterprise engaged in interstate commerce, and its employees are engaged in commerce.

42. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

43. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

44. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

45. As alleged herein, Defendant has reimbursed delivery drivers less than the reasonably approximate amount of its automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

46. Defendant knew or should have known that its pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

47. Defendant, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

48. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendant's stores.

49. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

50. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant is not liable for liquidated

damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

51. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated delivery drivers demand judgment against Defendant and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

**Demand for Jury Trial**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated: January 11, 2017    Respectfully submitted,

**HAYES RUEMMELE LLC**
*/s/ Charles C. Hayes*
Charles C. Hayes, IN Bar # 24220-53
141 E. Washington Street, Suite 225
Indianapolis, Indiana 46204
Telephone: (317) 491-1050
Facsimile: (317) 491-1043
charleshayes.atty@gmail.com
*Local counsel for Plaintiff*

| | |
|---|---|
| **PAUL McINNES LLP** | **WEINHAUS & POTASHNICK** |
| Jack D. McInnes (MO Bar #56904) | Mark A. Potashnick (MO Bar # 41315) |
| (*pro hac vice* forthcoming) | (*pro hac vice* forthcoming) |
| 601 Walnut, Suite 300 | 11500 Olive Blvd., Suite 133 |
| Kansas City, Missouri  64106 | St. Louis, Missouri  63141 |
| Telephone:   (816) 984-8100 | Telephone:   (314) 997-9150 |
| Facsimile:     (816) 984-8101 | Facsimile:     (314) 997-9170 |
| mcinnes@paulmcinnes.com | markp@wp-attorneys.com |

**ATTORNEYS FOR PLAINTIFF**